"This case comes before the court on Trial Judge Browne’s memorandum opinion, supplemental findings of fact, and proposed conclusion of law (all submitted under Rule 131(c), our opinion and decision of December 15, 1976, 212 Ct. Cl. 168, 547 F.2d 1106, and our order of March 4, 1977, 212 Ct. Cl. at 224), which were filed on March 30, 1977, together with defendant’s exceptions to supplemental findings, and its supporting brief, plaintiffs answering brief, and defendant’s reply brief. This matter has been considered by the judges listed above en banc, and without oral argument.
"The court does not adopt the trial judge’s memorandum opinion, the proposed supplemental findings, or the proposed conclusion of law. Instead the court returns the case *800 to the trial judge for recomputation of the amount of recovery, under the following directions:
"1. For the years 1946 through 1948, the basic compensation will be $500 per helicopter.
"2. For the period 1949 through 1964, the basic compensation will be the sum of the stipulated prices of the helicopters[1] plus 10% of such stipulated prices (except for the Cessna and McCulloch helicopters as to which this 10% addition will not be made). The court is of the view that, with respect to the royalty base, this additional 10% is all that is necessary, under the record as it has been made, to compensate plaintiff in the manner prescribed by our opinion of December 15, 1976 (as modified by our order of March 4, 1977). The court considers the 40% increase in the royalty base suggested by the trial judge as far too high, and unsupported by the record as made by the parties.
"3. With respect to spare parts, the court accepts, as did the trial judge, the original computation.
"4. The 2% royalty rate should then be applied to the royalty base (as mandated by the opinion of December 15, 1977).
"5. With respect to delay compensation for the period after 1975, the court is of the view that the rate from January 1, 1976 to date of payment should continue to be l-/z% (as it was prescribed to be for 1971-1975). Even considering the statistics of which the trial judge took judicial notice, we do not think plaintiff has "affirmatively demonstrated”[2] that under the theory of our opinion of December 15, 1976, the rate for the years after 1975 should differ from the 7-%% rate set for 1971-1975.
"6. The court is most anxious to terminate this very old and long-lasting litigation (so far as this court is concerned) as soon as possible, and to enter judgment before July 15, 1977 if at all possible. The trial judge is therefore requested and directed to give the highest priority to this matter and to compute the amount of recovery as expeditiously as possible. The parties are earnestly exhorted to aid in this *801 endeavor and, without giving up or prejudicing any of their rights or claims, to facilitate the computation by the trial judge on the basis and within the time prescribed above.
"it is so ordered.”
"Judge Kashiwa: I do not agree with the trial judge’s recommended decision. I disagree with the result reached above with respect to basic compensation. See my partial dissent of December 15, 1976.
"Judge Bennett: For the reasons stated in my dissent to the court’s opinion in this case at 212 Ct. Cl. 168, 547 F.2d 1106 (1976), I disagree with the result reached above with respect to the basic compensation.”

 I.e. the royalty base found by Judge Lane.

 See Tektronix, Inc. v. United States, 213 Ct. Cl. 257, 274, 552 F.2d 343, 352 (March 23, 1977).